FILED
AUG 27 2008
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CLEMENTE CARLOS PEREZ-PANTALEON,

Defendant.

CR08-40046-01

PLEA AGREEMENT

The Defendant, the Defendant's attorney, and the United States Attorney for the District of South Dakota hereby submit the following Plea Agreement to the United States District Court, which Agreement was reached pursuant to discussions between the United States Attorney and the Defendant's attorney. The Agreement is as follows:

**A. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES:** The Defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands same. The Defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

**B. PLEA AGREEMENT PROCEDURE – NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION:** The United States and the Defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, which authorizes the United States to agree that it will recommend or agree not

to oppose the Defendant's request that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply. Such agreements and recommendations are not binding on the Court, and the Defendant may not withdraw his plea of guilty if the Court rejects them.

C. **PLEA OF GUILTY TO CHARGE:** The Defendant will plead guilty to the Indictment filed in this case, which charges the violation of 21 U.S.C. §§ 841(a)(1) and 846. The charge carries a mandatory minimum sentence of 10 years in prison and a maximum sentence of life in prison, a $4 million fine, or both, and a mandatory period of supervised release of 5 years. If the Defendant is found by a preponderance of evidence to have violated a condition of supervised release, he may be incarcerated for an additional term of up to 5 years on any such revocation. There is a $100 assessment to the victims' assistance fund.

D. **VIOLATION OF TERMS AND CONDITIONS:** The Defendant acknowledges and understands that if he violates the terms of this plea agreement, engages in any further criminal activity, or fails to appear for sentencing, this plea agreement shall become voidable at the discretion of the United States, and the Defendant will face the following consequences:

(1) All testimony and other information the Defendant has provided at any time to attorneys, employees, or law enforcement officers of the United States, to the Court, or to the federal grand jury may and will be used against him in any prosecution or proceeding.

(2) The United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against the Defendant, and to use any information obtained directly or indirectly from him in those additional prosecutions.

(3) The United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

**E. ACCEPTANCE OF RESPONSIBILITY:** The United States agrees that based upon the information known to it at this time, the Defendant is entitled to a two-level decrease in his offense level pursuant to U.S.S.G. § 3E1.1(a), provided no evidence is disclosed in the presentence report which indicates the Defendant has not demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and further provided he: (1) complies with the terms of this plea agreement; (2) testifies truthfully during the change of plea hearing, (3) participates truthfully with the Probation Office in the presentence investigation, (4) does not violate any conditions of pretrial detention or release after he signs this agreement, and (5) continues to exhibit conduct consistent with acceptance of responsibility. Both the United States and the Defendant otherwise reserve the right to present evidence and make argument regarding sentencing.

**F. TIMELY ACCEPTANCE OF RESPONSIBILITY:** The United States further agrees that the Defendant is entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b).

**G. GOVERNMENT'S RECOMMENDATION REGARDING SENTENCE – ANY SENTENCE WITHIN STATUTORY LIMITS:** At the sentencing hearing, both the United States and the Defendant are free to recommend whatever sentence each feels is appropriate within statutory limits, present evidence, and make arguments in support thereof. The Defendant understands that any recommendation made by him or the United States is not binding on the Court.

The Defendant further understands that he may not withdraw his plea of guilty if the Court rejects any recommendation.

**H. PAYMENT OF SPECIAL ASSESSMENT:** The Defendant agrees to remit to the U.S. Clerk of Court, 400 S. Phillips Ave., Sioux Falls, SD 57104, no later than two weeks prior to sentencing, a certified or cashier's check payable to the "U.S. Clerk of Court" in the amount of $100, in full satisfaction of the statutory costs pursuant to 18 U.S.C. § 3013.

If the Defendant does not have the financial resources with which to pay the assessment, he agrees to provide supporting documentation by completing the Financial Statement and signing the releases provided by the United States and submitting the same to the United States Attorney's Office no later than two weeks prior to sentencing. The Defendant further agrees to participate in the Bureau of Prison's Inmate Financial Responsibility Program and pay the assessment while incarcerated. If there is no period of incarceration ordered, the Defendant agrees that payment of the assessment shall be a condition of probation.

**I. NO FURTHER PROSECUTION:** The United States agrees that there will be no further federal criminal prosecution of the Defendant in the District of South Dakota based on the information and evidence now available to the United States regarding the Defendant's involvement with the offense charged in the Indictment.

**J. BASIS FOR PLEA OF GUILTY:** The Defendant agrees that the statement of facts, signed by the parties and incorporated herein by this reference, provides the basis for his guilty plea in this case, and is a true and accurate statement of his actions or omissions with regard to the charges to which he is entering a plea, and that the Court may rely thereon in determining the basis for his plea of guilty as provided for in this plea agreement.

K. **WAIVER OF SPEEDY TRIAL:** The Defendant agrees to waive any rights to a speedy trial under either the United States constitution or the Speedy Trial Act. This waiver is necessary so that the Court will have the benefit of all relevant information at sentencing.

L. **PARTIES BOUND:** It is further understood and agreed that this agreement is limited to the United States Attorney's Office for the District of South Dakota, and that this agreement cannot and does not bind other federal, state, or local prosecuting authorities.

M. **SCOPE OF AGREEMENT:** This agreement shall include any attachments, exhibits or supplements designated by the parties. It is further understood and agreed that no additional promises, agreements, or conditions have been entered into other than those set forth in this agreement, and this agreement supersedes any earlier or other understanding or agreement.

N. **WAIVER OF DEFENSES AND APPEAL RIGHTS:** The Defendant hereby waives any right to appeal any and all non-jurisdictional issues. This waiver includes, but is not limited to, the Court's determination of the advisory Guideline range and all motions, defenses, probable cause determinations, and objections which the Defendant has asserted or could assert to this prosecution, and to the Court's entry of judgment against the Defendant and imposition of sentence, including sentence appeals under 18 U.S.C. § 3742.

The parties agree that expressly excluded from this waiver of defenses and appeal rights is the Defendant's right to appeal his sentence for a determination of "reasonableness" should the Court impose a sentence above the advisory Guideline range established by the Court for the offense. This exclusion does not apply in the event the Court imposes a sentence mandated by statute.

**SUPPLEMENT TO PLEA AGREEMENT**

The United States will file a Supplement to Plea Agreement which is required to be filed in every case in compliance with the Court's Standing Order.

MARTY J. JACKLEY
United States Attorney

8-26-08
Date

JOHN E. HAAK
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)330-4400
Facsimile: (605)330-4410
E-Mail: john.haak@usdoj.gov

APPROVED:
MARTY J. JACKLEY
United States Attorney
By:

DENNIS R. HOLMES
Chief, Criminal Division

8-26-08
Date

Clemente Carlos Perez-Pantaleon
Defendant

8-26-08
Date

Nichole A. Carper
Attorney for Defendant

(interpreter)